UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SECURA INSURANCE COMPANY,
as subrogee of Carl and Alice Vollmar,
d/b/a Vollmar Farms, Inc.,

        Plaintiff,

v.

        Case Number 06-11170-BC
        Honorable Thomas L. Ludington

JOHN DEERE & COMPANY,
d/b/a John Deere,

        Defendant.
_____ /

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the defendant's motion for summary judgment under Federal Rule of Civil Procedure 56. The plaintiff's subrogors purchased a used combine "as-is, where-is" after the defendant used the equipment for experimentation and then made repairs. Allegedly, a wiring harness on the combine failed, which resulted in a fire that destroyed the combine. The plaintiff filed a claim for damages in the amount of $144,490, the amount by which it reimbursed its subrogors. The plaintiff asserts that it may pursue claim in tort against the defendant for negligent repairs; the defendant counters that the plaintiff's claim is barred under Michigan's economic loss doctrine.

Under *Neibarger v. Universal Cooperatives, Inc.*, 486 N.W.2d 512, 536 (Mich. 1992), in Michigan, "[i]f the purchaser's ultimate goal is to acquire a product, the contract should be considered a transaction in goods, even though service is incidentally required." For reasons stated more fully on the record, the Court concludes that the economic loss doctrine applies. Here, the underlying transaction – the plaintiff's subrogors' purchase of a combine for their business – was

commercial in nature. Further, the allocation of risk was amenable to the process of negotiation, available to the plaintiff's subrogors at the time of purchase. *See Quest Diagnostics, Inc. v. MCI Worldcom, Inc.*, 656 N.W.2d 858, 863 (Mich. Ct. App. 2002).

Accordingly, it is **ORDERED** that the defendant's motion for summary judgment [dkt # 12] is **GRANTED**.

It is further **ORDERED** that summary judgment for the defendant is **GRANTED**.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: October 4, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 4, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS